[Civ. No. 1087.   Second Appellate District.—July 16, 1912.]

## J. A. McLAIN, Respondent, v. DAHLSTROM METALLIC DOOR COMPANY, a Corporation, Appellant; LOUIS R. BEDELL, Codefendant.

Master and Servant—Negligence of Corporation Through Foreman—Sufficiency of Complaint.—In an action for personal injuries to an employee alleged to have been occasioned through the negligence of a corporation employer in the course of his employment, the further fact alleged that the injuries were occasioned by reason of the defendant's negligence performed through a designated foreman, as an agent or servant, through whose acts the alleged negligence arose, does not detract from the force of the charge that defendant's negligence occasioned the injury.

Id.—Employment of Plaintiff Through Agent of Corporation—Sufficiency of Evidence—Proper Instruction.—It is held that there is sufficient evidence tending to show that the individual defendant through whom the plaintiff was employed was a member of a firm which acted as agents of the corporation and not as independent contractors, and posted notices and signed receipts as its agents, and that such defendant was recognized by the corporation as, and was in fact, an agent and servant of the corporation, authorized to employ the plaintiff, and did employ him on its behalf; and that the verdict for the plaintiff, under proper instructions, based on any possible hypothesis under the evidence, was sufficiently sustained in regard to such employment, and cannot be disturbed.

Id.—Use of Insecure Elevator as Staging—Ropes Improperly Tied—Direction of Use—Foreman as Vice-principal—Liability of Corporation for Injury.—Where a defective elevator was used in lieu of staging, before used, and such elevator was not securely tied by a proper knot in the ropes by which it was held, and though the foreman was directed to use the elevator by ·defendant's agent, yet as the proper mode of knotting the ropes was open to the inspection of the foreman when he directed its use and should have been corrected by him before use, it is held that such foreman was

a vice-principal as to the duty of making the appliance secure, and that the corporation is liable for his neglect to make the same secure, for injury to plaintiff resulting from such neglect.

Id.—Proper Expert Evidence to Show Insecurity of Knot and Obvious Mode of Security.—The court properly allowed expert evidence to show the insecurity of a knot such as that shown, and the mode of tying knots in such a way as to prevent slipping and accident, which is proper matter of skill, and to show the weakness which was apparent from an inspection of the insecure knot, if had.

Id.—Absence of Error in Instructions or Rulings.—It is held that, taking all of the instructions together, there is no objectionable error therein; and there is no prejudicial error in the admission of evidence or in the rulings or statements in the presence of the jury.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. George E. Church, Judge Presiding.

The facts are stated in the opinion of the court.

Scarborough & Bowen, for Appellant.

George M. Harker, and George E. Overmyer, for Respondent.

ALLEN, P. J.—Action for personal injuries, plaintiff alleging that the same were occasioned through the negligence of defendant and while he was an employee of defendant and were received in the course of his employment.

It appears from the record that defendant entered into a contract with the owners of a building in the course of construction in the city of Los Angeles, through which it agreed to furnish material and labor to prepare and erect all interior trim, sash and metal frames, and work of kindred nature, which contract forbade the subletting of any part of the work without the architect's consent; that by the terms of the contract defendant was to furnish and pay for all scaffolding, staging, etc., necessary for use in the construction work and should personally superintend the work, keeping a competent foreman direct from the factory on the job. This contract was never assigned. One Bedell negotiated, with reference to the contract entered into by defendant, with the owners and thereafter assumed charge of the superintendence of the

work.   Through Bedell plaintiff was employed, and his injury was occasioned by reason of a defective elevator furnished as an appliance or place upon which to' work.   The direction to use such appliance came from one Fickes, a foreman employed upon the job and under whom plaintiff was working. This injury was of a serious character, permanent in its nature, and the amount of $6,000 assessed by the verdict against appellant alone was in no sense excessive, upon the assumption of defendant's liability in any respect.   From the judgment rendered upon such verdict, from an order denying a new trial, and from an order refusing to vacate the judgment, defendant appeals.

The first point made by appellant is that the complaint is insufficient in that no averment is made therein of negligence upon the part of defendant.   We think there is nothing in this point.   It is alleged that the injury was occasioned by reason of defendant's negligent acts performed through a foreman. The designation of the agent or servant through whose acts the negligence arose does not detract from the force of the charge that defendant's negligence occasioned the injury.

It is next claimed that there is no evidence tending to show that the superintendent, through whose direction the elevator was used, was a vice-principal of defendant, or that plaintiff was an employee of defendant.   Whether or not plaintiff was an employee of defendant depends upon the relation which Bedell bore to defendant.   We find some evidence in the record which, in our opinion, tends to show that Bedell was recognized as and was in fact an agent and servant of defendant. It is true that defendant introduced evidence tending to show that when Bedell was ostensibly negotiating the contract on behalf of defendant, he was in fact an employee of a San Francisco firm; that this firm, after the execution of the contract, and without the architect's knowledge or consent, and without the assignment or subletting of the contract, undertook the work of erecting in the building the material which by the terms of the contract defendant was to furnish.   There is, however, other evidence which shows that this San Francisco firm, in receiving payments due under the contract, signed receipts therefor as agents of defendant.   There is other evidence that notices posted about the building were to the effect that defendant was doing the work of erecting and putting in

place the material so by it contracted to be furnished. There was no foreman directly from the factory, unless Bedell be such individual. These posted notices above referred to were signed by Bedell as contracting agent of defendant. If the San Francisco firm did undertake any independent contract, they did it in violation of the terms of the written agreement of defendant, secretly and without the knowledge of any employee or of the owners of the building. The court very properly instructed the jury that the verdict must be for defendant, unless it found from the evidence that plaintiff was employed by Bedell, acting as agent of defendant, with authority in that regard, and was injured in the course of his employment; and further, that if defendant permitted and turned over the work to be performed by Bedell or the persons whom he represented as subcontractors, and that such subcontractors had the full control, direction and performance of said work and the mode of doing the work, on their own account, and were not acting as the agents and servants of defendant in the performance of defendant's contract, and that in the performance of said work they alone employed the plaintiff, then the jury were instructed to find in favor of defendant. They were further instructed that if they believed from the evidence that the San Francisco firm were acting merely as the agents of defendant in the erection of said work, and not as independent contractors, then that would not relieve the defendant as contractor for the erection of said work. These questions of fact, generally and under special interrogatories submitted, were found by the jury against defendant, and we are not prepared to say that there is nothing in the evidence supporting such implied findings and the answers to such special interrogatories. There are circumstances connected with the case which might well lead the jury to regard with disfavor the claim that the San Francisco firm were in fact independent contractors. The fact that defendant wired Bedell certain instructions during the construction was not without significance; that the payments were made to defendant, either directly or by their written order; that checks issued by Bedell in paying the men had thereon the initials of defendant's company, and the secrecy sought to be thrown around the transaction, all no doubt tended to satisfy the minds of the jurors that defendant in fact was the contractor,

and that the San Francisco firm's relation thereto was but one of agency. There being, therefore, sufficient testimony in support of the verdict in the regard stated, we cannot under the rule disturb the same.

The elevator, a temporary one and the defective character of which occasioned the accident, had been placed in the building by other independent contractors before defendant commenced the performance of its contract. Fickes, the foreman, is shown to have had charge of the men while at work, purchased tools to be used in connection with the work, directed the men what to do and how to do it, and with reference to the use of this elevator had special instructions from Bedell. The elevator was attempted to be used as a staging, for the reason that the staging formerly in use in connection with the particular work about to be done was insecure and inconvenient, and Fickes, under Bedell's instructions, directed the use of this elevator as a substitute for the staging theretofore in use. The ropes by which the elevator was suspended were insecurely tied, a fact which might have been observed by casual inspection and an opportunity for which was afforded Fickes before the use of the elevator was attempted. Under this state of facts, Fickes became a vice-principal in connection with the direction to use said staging. It matters not that he performed manual labor in addition to exercising his general powers as foreman. In so far as he possessed authority to direct the use of appliances, the duty to provide which devolved upon defendant, he represented the defendant. (*Nixon v. Selby Smelting Co.,* 102 Cal. 463, [36 Pac. 803].) It is of no material consequence that the elevator was in place before Fickes directed its use. This direction to use it was not with the knowledge or consent of those who constructed the elevator, nor of the owners of the building, and such parties were in no respect, as affecting such use or the disastrous results which followed, joint tort-feasors. The duty of furnishing scaffolding and staging under the contract was upon defendant, and it was bound to furnish reasonably safe appliances suitable for the purpose intended.

We see no error in the action of the court in refusing to instruct the jury that the direction to use the elevator in question came from a fellow-servant. The defect connected with the elevator was occasioned by the manner in which certain

knots were tied, and we see no impropriety in permitting expert testimony as to the proper kind of a knot necessary under the circumstances to afford reasonably safe protection in connection with the use of the elevator. The matter of tying knots in such a way as to prevent slipping and accident certainly requires skill, and it could scarcely be presumed that a jury would understand the technical matter involved, and for that reason we think it was proper to call witnesses expert in such matter and to permit them to give an opinion as to the safe or unsafe condition of the elevator with reference to such knots and the weakness apparent from an inspection, if had.

Reading all of the instructions of the court together, we see no merit in the criticism with reference to instruction No. 7. We think it a correct statement of the law and in no sense objectionable, as omitting any question in connection with the authority to furnish the appliance. We have examined the instructions criticised and see no merit in such criticism, especially when we consider the instructions as a whole.

Numerous errors are specified with reference to the admission of evidence. We see, however, no error in connection therewith, nor in any action of the trial court in any matter in connection with the admission of evidence, or of its conduct or statements in the presence of the jury, prejudicial to defendant, or of such erroneous character as would justify a reversal of the judgment.

A careful examination of the entire record satisfies us that the verdict was a proper one, and the judgment and orders appealed from are, therefore, affirmed.

James, J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 14, 1912, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 13, 1912.